UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAUREEN D. TAYLOR,

    Plaintiff,

v.

                              Case No. 05-CV-73418-DT

JACKIE CURRIE et al.,

    Defendants.
                                      /

**ORDER DIRECTING FURTHER BRIEFING**

On September 14, 2005, the court ordered Attorney Steven W. Reifman to show cause why sanctions should not be imposed against him in relation to his removal of this action from Wayne County Circuit Court. Mr. Reifman filed his response on September 21, 2005, and Plaintiff filed a reply on September 22, 2005. In her reply, Plaintiff alleged that the reason Mr. Reifman filed the removal notice on September 2, 2005 was because Defendants intended to violate the state court's September 1, 2005 preliminary injunction order. The veracity of this allegation has at least some bearing on the court's decision of whether to impose sanctions against Attorney Reifman.[1] While this allegation has been raised several times by counsel, the court has not actually seen

---

[1] The inquiry would be relevant, for example, under Federal Rule of Civil Procedure 11(b)(1) (allowing sanctions where filing a pleading for an "improper purpose"), and under 28 U.S.C. § 1927 (allowing sanctions where proceedings are multiplied "unreasonably"). The inquiry, however, is not necessarily relevant under 28 U.S.C. § 1447, inasmuch as the court need not find that the notice of removal was supported by an improper purpose to award costs and fees. *See Morris v. Bridgestone/Firestone Inc.*, 985 F.2d 238, 240 (6th Cir. 1992).

any evidence that Defendants violated the September 1, 2005, order by mailing unsolicited absentee ballot applications. The court will thus order additional briefing on this limited issue. Accordingly,

IT IS ORDERED that Plaintiff shall file a memorandum, supported by the appropriate affidavits or other exhibits, detailing any evidence to support Plaintiff's allegations that (1) Defendants violated the state court injunction and (2) Attorney Reifman was retained and/or consulted prior to Defendants' alleged violation. Plaintiff's memorandum shall be filed no later than **October 5, 2005.**

Attorney Reifman shall file a response, along with any supporting evidence, by **October 12, 2005.**

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2005, by electronic and/or ordinary mail.

  S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522