UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAUREEN D. TAYLOR,

    Plaintiff,

v.

                Case No. 2:05-CV-73418-DT

JACKIE CURRIE et al.,

    Defendants.
                                  /

**ORDER ASSESSING SANCTIONS**

On November 11, 2005, the court issued an "Order Imposing Sanctions and Granting Plaintiff's Application for Attorney Fees and Costs." In its order, the court assessed sanctions against Attorney Steven Reifman, in an amount to be determined, pursuant to 28 U.S.C. § 1447(c), Federal Rule of Civil Procedure 11, and 28 U.S.C. § 1927. The court directed further submissions from Attorneys Hugh Davis and Stephen Wasinger relating to their actual time expended in this case after and as a result of the "Notice of Removal" filed on September 2, 2005 and up until the filing of the October 5, 2005 response to the court's "Order Directing Further Briefing." (*See* 11/10/05 Order at 14.)

Mr. Wasinger filed his declaration on November 17, 2005, in which he indicated that, as of September 26, 2005, he expended a total of sixty-eight hours on this case following and as a result the September 2, 2005 removal. The court has reviewed Mr. Wasinger's declaration, as well as the supporting time records, and concludes that this

time is well-documented and the hours expended were appropriate.  In a previous filing, Mr. Wasinger averred that his that his hourly rate is $375.  (*See* 9/26/05 Wasinger Decl. at ¶ 4, attached to 9/26/05 Application as Ex. 2.)  Thus, the total amount of attorneys fees attributed to Mr. Wasinger is $25,500.  Given the number of filings, gravity of the issues involved, and short deadlines imposed by the court, the court finds that this amount is reasonable.[1]

Mr. Davis filed his "Supporting Documentation" on November 18, 2005, in which he indicated that "[t]he final accounting for time devoted solely to the removal case (including this petition) comes to 53.75 hours." (*See* 11/18/05 "Notice" at 1.)  The billing summary Mr. Davis has submitted, however, only accounts for a total of 53 hours through November 16, 2005.[2]  In a previous filing, Mr. Davis averred that his that his hourly rate is $375.  (*See* 9/26/05 Davis Decl. at ¶ 6, attached to 9/26/05 Application as Ex. 1.)  The court notes that 2.6 hours included in his summary of billing was billed at the rate of $200, but the remainder of the hours were billed at the higher $375 rate.  In his September 26, 2005 declaration, Mr. Davis had indicated that of his total hours calculated as of that date, he would deduct 8.4 hours because they were devoted to matters which would be of use in the state court proceedings.   (*Id.* at ¶ 8.)   It is not clear from his November 18, 2005 declaration whether he has similarly discounted the

---

[1]The court notes that this amount does not include any time after September 26, 2005, despite the fact that Mr. Wasinger undoubtedly expended time devoted to responding to the court's September 28, 2005 and November 10, 2005 orders and participating in a November 16, 2005 telephone conference with the court.

[2]The final .75 was likely expended preparing the November 18, 2005 submission, and therefore had not yet been incorporated into the billing summary at the time of its filing.

8.4 hours. While the court notes that it would not be unreasonable to require Mr. Reifman to pay the sanctions based on the full 53.75 hours asserted, the court will exercise its discretion and deduct the .75 not detailed in the billing summary and the 8.4 hours originally deducted by Mr. Davis in his September 26, 2005 declaration.[3] Thus, the court will award sanctions based on Mr. Davis's time as follows: 2.6 hours billed at $200 (amounting to $520) and 42 hours billed at $375 (amounting to $15,750) for a total of $16,270. The court finds this amount to be sufficiently supported by Mr. Davis's declarations and billing summary, and reasonable under the circumstances of this case.

Thus, for the reasons stated above and detailed in the court's November 11, 2005 order, the court will assess sanctions against Mr. Reifman in the total amount of $41,770, which includes $25,500 of fees attributed to Mr. Wasinger and $16,270 of fees attributed to Mr. Davis. The court finds this amount objectively reasonable, well-documented, and "fair and equitable under all the circumstances." *See Morris v. Bridgestone/Firestone Inc.,* 985 F.2d 238, 240 (6th Cir.1993); *see generally* 28 U.S.C. § 1447(c), Federal Rule of Civil Procedure 11, and 28 U.S.C. § 1927. Accordingly,

IT IS ORDERED that Attorney Steven Reifman is SANCTIONED in the total amount of $41,770 pursuant to 28 U.S.C. § 1447(c), Federal Rule of Civil Procedure 11,

---

[3]The 8.4 hours will be deducted from the time billed at the higher $375 rate. Further, the court notes that Mr. Davis has included 3.8 hours of time expended after the filing of the October 5, 2005 response to the court's "Order Directing Further Briefing," which is arguably outside the scope of the court's November, 10, 2005 directive. (*See* 11/10/05 Order at 14 (requiring Attorneys Davis and Wasinger to submit detailed accountings of their hours expended up until the October 5, 2005 filing).) Nonetheless, the court will not deduct those hours from its final sanction calculation, as they were expended as a result of Mr. Wasinger's actions and are appropriately included in the final sanction assessment.

and 28 U.S.C. § 1927.  Mr. Reifman is DIRECTED to tender this amount in full to Plaintiff Maureen Taylor within sixty (60) days of the date of this order.  Attorney Stephen Wasinger is DIRECTED to file a "Notice of Satisfaction of Sanctions" upon final payment.

Finally, the court reiterates that it has specifically declined to assess sanctions against Defendants themselves, but has instead focused its sanctions assessment against Mr. Reifman.  (*See* 11/10/05 Order at 13-14.)  All counsel of record are under a continuing ethical obligation to ensure that this order is not violated.  Counsel should be on notice that any attempt to shift the responsibility for payment of these sanctions will itself constitute sanctionable behavior.  For this reason, IT IS ORDERED that Attorney Reifman is DIRECTED  to deliver a copy of this order to Jackie Currie, each member of the Detroit Elections Commission, and to Brenda Braceful of the Detroit City Law Department.

  S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  December 7, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 7, 2005, by electronic and/or ordinary mail.

  S/Lisa G. Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522