**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

MAUREEN D. TAYLOR,

       Plaintiff,

v.                                 Case No. 05-CV-73418-DT

JACKIE CURRIE et al.,

       Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY

Pending before the court is a "Motion to Stay Enforcement of Order Granting Sanctions Pending Appeal," filed by Attorney Steven W. Reifman on February 1, 2006. On November 10, 2005, the court issued an order imposing sanctions against Mr. Reifman in an amount to be determined. After further briefing, the court assessed sanctions in the amount of $41,770.[1] (*See* 12/07/05 Order). The court denied Mr. Reifman's motion for reconsideration on December 29, 2005. Mr. Reifman's instant motion asks the court to stay enforcement of the court's sanction order pending appeal, with or without bond, or in the alternative, allow Mr. Reifman to deposit the money in an interest bearing escrow account.

Having reviewed the motion, the court will decline to enter a stay of the judgment. *See* Fed. R. App. P. 8 (a); Fed. R. Civ. P. 62(d). The court, however, will grant Mr. Reifman's alternative request that the funds be deposited into an interest- bearing

_____

[1]Mr. Reifman was further ordered to pay the assessed sanctions amount within sixty days of the date of the order, or by February 5, 2006.

escrow account pending appeal.  The terms of the escrow account shall be agreed upon between counsel for both parties.  The court is persuaded that an interest-bearing escrow account will adequately protect the interests of the parties and is equitable under the circumstances of this case.  Accordingly,

IT IS ORDERED that Mr. Reifman's "Motion to Stay Enforcement of Order Granting Sanctions Pending Appeal" [Dkt. # 40] is GRANTED IN PART and DENIED IN PART.  It is DENIED with respect to the request to stay enforcement of the court's December 7, 2005 order, and it is GRANTED with respect to the alternative request to deposit the funds into an interest-bearing escrow account.

IT IS FURTHER ORDERED that Mr. Reifman shall negotiate the terms and details of the escrow account with Plaintiff's counsel, and shall deposit the funds no later than **fourteen (14) days** from the date of this order.  If either party desires to memorialize the details of their agreement regarding the escrow account, a stipulation shall be entered with the court no later than **fourteen (14) days** from the date of this order.  After final payment has been deposited, Attorney Stephen Wasinger is DIRECTED to file a "Notice of Deposit of Funds," indicating that the full amount of the sanctions amount has been deposited under the terms to which the parties had agreed.[2]

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 7, 2006

---

[2]In the event the parties are unable to agree on the terms of the escrow account, they are instructed to **immediately** notify the court's case manager, and the court will conduct a telephone conference to resolve any disagreements.

2

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 7, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522