**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MAUREEN D. TAYLOR,

    Plaintiff,

v.                                                    Case No. 05-CV-73418-DT

JACKIE CURRIE et al.,

    Defendants.
                                                                 /

**ORDER DENYING DEFENDANT'S MOTION AND AMENDED MOTION TO STRIKE**

      Pending before the court is a "Motion to Strike 'Plaintiff's Reply Brief in Further Support of Motion for Appellate Fees and to Hold Reifman in Contempt,'" filed on February 16, 2007[1] by Defendant's attorney Steven Reifman. In his motion, Mr. Reifman argues that Plaintiff's February 14, 2007 reply brief was filed nine days after Defendant's response brief and is therefore two days late. Mr. Reifman requests that the reply be stricken as improperly filed and that he be awarded attorney fees associated with filing the motion to strike. Because even a cursory review of Mr. Reifman's motion reveals that it is without merit, the court need not wait for Plaintiff's response. The reply brief was timely and Defendant's motion will be summarily denied.

      Plaintiff's initial motion for appellate attorney fees was filed on January 22, 2007. The response brief was timely filed on February 5, 2007. The local rules provide that

---

    [1]Defendant actually filed two motions on February 16, 2007, a motion and an amended motion to strike. The amended motion appears to have been filed to correct some sort of computer glitch that caused the text of the original motion to appear muddled or, in some cases, in duplicate. Because the two motions seek identical relief, the court will refer to them in the singular.

any reply brief must be filed within seven days after service of the response.  *See* E.D. Mich. LR 7.1(d)(2)(C).  Pursuant to Local Rule 6.1 and Federal Rule of Civil Procedure 6(a), "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  Fed. R. Civ. P. 6(a).  Thus, the seven days provided by Local Rule 7.1 for Plaintiff to file her reply brief did not expire until February 20, 2007.  Moreover, because the response brief was filed electronically, Plaintiff had an additional three days, until February 23, 2007, to file her reply, which is automatically granted for service by mail or electronic means. *See* Fed. R. Civ. P. 5(b)(2)(D) & 6(e); *see also* E.D. Mich. ECF R 8(c) & 15(b). Accordingly, Plaintiff's reply, filed on February 14, 2007, was filed well in advance of the relevant deadline and Defendant's motion to strike will be denied.

IT IS ORDERED that Defendant's "Motion to Strike 'Plaintiff's Reply Brief in Further Support of Motion for Appellate Fees and to Hold Reifman in Contempt'" [Dkt. # 49] and "Amended Motion to Strike 'Plaintiff's Reply Brief in Further Support of Motion for Appellate Fees and to Hold Reifman in Contempt'" [Dkt. # 50] are DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 21, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 21, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522